IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABDON VALLES,

        Plaintiff,

v.                                                        No. CIV 03-1171 BB/LFG

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Abdon Valles' ("Valles") Motion to Compel Answers to Interrogatories to Defendant City of Albuquerque, filed January 26, 2005 [Doc. No. 47]. Defendant City of Albuquerque ("Defendant" or "City") responded to the Motion. This motion may be decided without a reply. After careful consideration of the pertinent law, pleadings and attachments, the Court concludes that Valles' motion to compel should be granted, as described more fully herein.

### Background

Valles filed a 42 U.S.C. § 1983 lawsuit against the City, Detectives S.A. Lopez, Robyn Burge, Gerald S. Maestas and B. Dilly,[1] stemming from a search warrant that was executed on July 25, 2003 at Valles' purported residence. Complaint for Deprivation of Civil Rights and for Recovery of Damages. Valles argues that while the search warrant was based upon an alleged confidential informant's ("CI") purchase of marijuana at Valles' home, the alleged sale at his home never

---

[1] All individual Defendants have been dismissed from this lawsuit. [Doc. Nos. 15, 17, 19.] Valles' claims are asserted against the sole remaining Defendant – City of Albuquerque.

occurred. In addition, Valles contends that he was not home when the search warrant was executed and that City police officers arrested him at his place of work. According to Valles, he was ordered to lie on hot asphalt that caused burns to his chest and face. Valles alleges that the officers transported him to his home in handcuffs and that once in his home, police beat Valles "about the head while he was handcuffed in his bathroom." [Doc. No. 48.]

Based on the alleged actions of its officers, Valles asserts that the City has adopted a policy of inadequately investigating and corroborating allegations of criminal wrongdoing, of executing search warrants in an unreasonable manner, and of monitoring its officers in their use of confidential informants. Valles further contends that the City has a custom or practice of using false information to obtain search warrants and that the custom and practice is so widespread that it has the force of policy and deprived Valles of his Fourth Amendment right to be free of unreasonable searches and seizures. [Doc. Nos. 1, 48.]

The City denies any constitutional violation or wrongful conduct and affirmatively contends the search warrant was executed in a reasonable manner and in accord with court authority. The City further alleges that neither it nor its officers and employees violated any of Valles' constitutional rights.

## **Legal Standard**

The starting point for discovery disputes is Fed.R.Civ.P. 26(b)(1). As stated by Valles, Rule 26 generally provides for a broad scope of discovery. A party may obtain discovery regarding any matter, "not privileged, that is relevant to the claim or defense of any party . . . ." Relevant discovery is defined as that information that "appears reasonably calculated to lead to the discovery of admissible evidence." The notion of broad discovery is intended to allow the parties to know as much

as they can about each other's claims and defenses prior to trial so as to better evaluate a case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363 (1981). Moreover, liberal construction is given to the rules to avoid "trial by ambush." Id. at 797.

However, discovery is not without limits. Recent modifications to the federal rules have narrowed the scope of discovery. For example, Rule 26 previously provided, "Parties may obtain discovery regarding any matter, not privileged . . . ." The revised rule now provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." This rule change signals a narrower scope of permissible discovery than existed before. Therefore, a party is not permitted to plead its allegations in indefinite terms and then conduct broad discovery hoping to benefit from a fishing expedition. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); Fed.R.Civ.P. 26, advisory committee notes. Moreover, a request for information that has no conceivable bearing on the claims or defenses will usually be disallowed. Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925-26 (8th Cir. 1999); Garrett v. Sprint PCS, 2002 WL 181364 at *1 (D. Kan. Jan. 31, 2002).

### Valles' Motion to Compel Interrogatory Answers

With these principles in mind, the Court now examines the present motion. Valles seeks additional responses from Defendant City in relation to interrogatory numbers 1-13 and 21-24.

#### *Interrogatory Nos. 1-13*

Interrogatory Nos. 1-13 all ask for factual details regarding the execution of the search warrant and alleged injuries to Valles on that date. Briefly stated, Interrogatory Nos. 1-13 requested

the City: to identify each person who was present or participated in the execution of the search warrant at Valles' home and/or business on July 25, 2003; to describe what each of the identified individuals was doing during the execution of search warrant and who restrained or questioned Valles; whether Valles received the injuries during the execution of the search warrant that were depicted in the photographs disclosed to defendants [sic] and identified at Valles' deposition; whether any of the individuals identified in response to the first interrogatory caused the injuries depicted in the photographs; how Valles' injuries were inflicted on the day in question; to identify each individual who was in the house when Valles was questioned and who questioned Valles; whether Valles' allegation was true that police officers struck him on July 25, 2003; to provide the dates and descriptions of all previous contacts Detective Lopez had with Valles regarding Lopez's statements in the affidavit supporting the search warrant; to provide a description of Detective Lopez's previous surveillance at Valles' business; to identify how much money Detective Lopez gave to his CI and how much marijuana the CI allegedly bought from Valles; to provide the identities of "other detectives" who saw the CI approach Valles' residence as described in Detective Lopez's affidavit for search warrant; to describe the exact location from which Detective Lopez alleges he saw the CI enter Valles' home; and to identify the source of cash given to the CI and the date and time Detective Lopez received the cash.

      These are all proper interrogatories that seek central factual information related to the underlying incident in question. The interrogatories ask for information that is relevant to Valles' claims that he was injured and that the execution of the search warrant was not reasonable, as well as to the City's defenses that it took no unlawful action on the date in question and that the execution of the search warrant was proper.

Notwithstanding the relevancy of the requested information, Defendant City objected to answering the majority of these interrogatories on the ground that the requested information was protected by the attorney-client privilege and/or attorney work product doctrine[2] as information that was learned "via confidential discussions between Assistant City Attorney . . . with officers who have been previously named as defendants in this lawsuit as well as with officers who may be named in potential future litigation related to this incident." In addition, the City objected based on its position that the requested information was learned through an investigation conducted by RCI Investigations, at the direction and control of the City's attorney. The City further objected on the basis that to answer some or all of these interrogatories would subject the previously named defendants or potential defendant officers to undergoing discovery without the protection of invoking the qualified immunity defense. And, finally, the City claimed that some of the information sought by the interrogatories might reveal the identity of the confidential informant.[3]

After asserting these objections, the City responded in part to some of the interrogatories. For example, it provided names of officers that were listed in the documentation or reports already produced to Valles or that were contained in deposition transcripts of individuals deposed by the City. However, the City indicated that other individuals were also present during the execution of the search warrant but refused to identify those individuals. The City referred Valles to a police report

---

[2] Even if the Court were to determine that the requested information for underlying facts was privileged or protected, the Court disagrees with the City that it described "the nature of the . . . communications . . . not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Thus, for future purposes, the City should carefully describe any communications of facts that it refuses to disclose for purposes of determining the applicability of a claimed protection or privilege.

[3] The Court need not address the City's objections based on vagueness with respect to Valles' ownership interests in the residence and business at issue, as that question has been resolved.

in which it states that there was no mention of Valles being questioned or struck during the execution of search warrant.

The Court overrules all of the City's objections and directs the City to fully respond to Interrogatory Nos. 1-13 within ten days after entry of this Order. In so responding, the City should not merely refer Valles to deposition testimony or reports already in the possession of Valles. "It is well established that a party may not withhold relevant facts from disclosure simply because they were communicated to, or learned from, the party's attorney." Kansas Wastewater, Inc. v. Alliant Techsystems, Inc., 217 F.R.D. 525, 528 (D. Kan. 2003) (*citing* Upjohn v. United States, 449 U.S. 383, 395-96 (1981)). In Upjohn, the United States Supreme Court held that "[t]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." Id. at 395-96 (emphasis in original). It is not proper to withhold a relevant fact within the City's knowledge merely because the statement of the fact was incorporated into a communication between police officer and Defendant City's attorney. *See id.* In other words, a fact cannot be concealed just because it was communicated to counsel. *See also* Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 91 (N.D.N.Y. 2003) (attorney-client privilege does not protect the client's knowledge of relevant facts, whether they were learned from counsel or facts the attorney learned from independent sources); Standard Chartered Bank, PLC v. Ayala Int'l Holdings (U.S.), Inc., 111 F.R.D. 76, 80 (S.D.N.Y. 1986) (requiring the defendant to disclose all facts of which it was aware, regardless of whether the defendant learned those facts from counsel).

In responding to the interrogatories, the City need not state how it obtained the requested information; however, it must furnish "such information as is available to the party." Fed. R. Civ. P.

33(a). To the extent that the requested information actually tends to disclose the identity of the CI, the City may submit the proposed answers or information to the Court for an *in camera* inspection

### ***Interrogatory Nos. 21-24***

These interrogatories all concern the City's use of the CI who was involved in this matter. Interrogatory No. 21 ask how many times Detective Lopez previously used the CI described in his affidavit for search warrant related to Valles. Interrogatory No. 22 seeks information about whether the prior uses of that CI resulted in successful purchases of contraband and whether a search warrant was issued as a result of the purchases. Interrogatory No. 23 asks the City to state for each warrant issued in response to No. 22, the date and place of execution of the search warrant. Interrogatory No. 24 asks if the City or Detective Lopez have continued to use this same CI.

The City presented the same objections to producing the requested information that it raised in response to interrogatories 1-13. The City also objected to Interrogatory Nos. 21-23 on grounds that the information might reveal the identity of the CI and expose him or her to harm. In response to Interrogatory No. 24 and without waiving its objections, the City stated that the CI's file indicated he or she had not been used in recent months.

The Court again overrules the City's objections for the reasons explained above, and directs the City to respond fully to Interrogatories Nos. 21-24 within ten days after entry of this Order. The Court will limit the requested information to a time frame of three years before the incident to the present. To the extent that the requested information actually tends to disclose the CI's identity, the City may redact identifying information or produce the proposed answers or information to the Court for an *in camera* inspection.

The Court advises counsel for both parties that they should submit an agreed upon confidentiality order to protect the information that is disclosed from being used for any purpose other than this litigation.

### Conclusion

For the above-stated reasons, the Court will grant Plaintiff's motion to compel answers to interrogatories as described herein. All responses by the City should be served on Plaintiff by no later than ten days after entry of this Order. All proposed answers or information that the City believes will actually tend to disclose the identity of the CI used in this case should be submitted to the Court for an *in camera* inspection by no later than ten days after entry of this Order. The parties should submit a proposed confidentiality order to the Court as soon as practicable.

IT IS THEREFORE ORDERED that Plaintiff Abdon Valles' Motion to Compel Answers to Interrogatories to Defendant City of Albuquerque [Doc. No. 47] is GRANTED as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge