# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ABDON VALLES,

        Plaintiff,

v.     CIVIL NO. 03-1171 BB/LFG

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Abdon Valles' ("Valles") Motion to Compel Answers to Requests for Production of Documents to Defendant City of Albuquerque, filed January 26, 2005 [Doc. No. 45]. Defendant City of Albuquerque ("Defendant" or "City") responded to the Motion. No reply was filed. After careful consideration of the pertinent law, pleadings and attachments, the Court concludes that Valles' motion to compel should be granted in part and denied in part, as described more fully herein.

### Background

Valles filed a 42 U.S.C. § 1983 lawsuit against the City, Detectives S.A. Lopez, Robyn Burge, Gerald S. Maestas and B. Dilly,[1] stemming from a search warrant that was executed on July 25, 2003 at Valles' purported residence. Complaint for Deprivation of Civil Rights and for Recovery of Damages. Valles argues that while the search warrant was based upon an alleged confidential informant's ("CI") purchase of marijuana at Valles' home, the alleged sale at his home never

---

[1] All individual Defendants have been dismissed from this lawsuit. [Doc. Nos. 15, 17, 19.] Valles' claims are asserted against the sole remaining Defendant – City of Albuquerque.

1

occurred. In addition, Valles contends that he was not home when the search warrant was executed and that City police officers arrested him at his place of work. According to Valles, he was ordered to lie on hot asphalt that caused burns to his chest and face. Valles alleges that the officers transported him to his home in handcuffs and that once in his home, police beat Valles "about the head while he was handcuffed in his bathroom." [Doc. No. 46.]

Based on the alleged actions of its officers, Valles asserts that the City has adopted a policy of inadequately investigating and corroborating allegations of criminal wrongdoing, of executing search warrants in an unreasonable manner, and of monitoring its officers in their use of confidential informants. Valles further contends that the City has a custom or practice of using false information to obtain search warrants and that the custom and practice is so widespread that it has the force of policy and deprived Valles of his Fourth Amendment right to be free of unreasonable searches and seizures. [Doc. Nos. 1, 46.]

The City denies any constitutional violation or wrongful conduct and affirmatively contends the search warrant was executed in a reasonable manner and in accord with court authority. The City further alleges that neither it nor its officers and employees violated any of Valles' constitutional rights.

**Present Motion**

Valles asks that the City respond more fully to document requests 4, 8, 12, 14 and 15, provide a more complete privilege log as to documents being withheld and/or that the Court conduct an *in camera* inspection of documents described in the privilege log as to Sergeant Scott Lopez.

Document Request No. 4 asks the City to produce "every document or computer evidence" related to Detective Lopez's receipt and use of money that he gave to the CI. The City objected by

asserting that the requested information would be in the CI's file and is privileged under Fed. R. Evid. 501 and New Mexico Rule of Evidence 11-510. The City further objected on grounds of the CI's privacy rights and argued that the identity of the CI might be revealed with would expose him or her to potential harm. In attempting to resolve this discovery dispute, Valles argued that the amount of money provided to the CI is routinely disclosed. The City responded that the disclosure of the amount of cash could reveal the CI's identity but agreed to an *in camera* inspection of the "amount of cash given to the confidential informant." [Doc. No. 46, Ex. D.]

The Court sees no need for an *in camera* inspection of documents relating to the "amount of cash" given to the CI and directs the City to provide information to Valles as to the amount of money received and given to the CI, as it relates to this matter. The City can redact any information related to the CI's identity in providing this limited information to Valles.

Document Request No. 8 states the following:

> Please produce any audit or review conducted by anyone into the use of confidential informants, the security of evidence seized or received in buys conducted with "confidential sources", the execution and return of search warrants, the use of cash to purchase drugs, the tagging into evidence and security of cash seized during the execution of search warrants by the vice unit, gang unit or any officers or groups of officers responsible for seeking and executing search warrants for alleged drug dealing.

The City objected on grounds that the request is vague, compound and overly broad. In addition, the City objected that the requested information was not reasonably calculated to lead to discovery information and that it could invade the privacy rights of non-party third persons.

In attempting to resolve this discovery dispute, it appears that Valles narrowed the first portion of the document request to the names of the outside agencies that have conducted audits of

the use of CI's. [Doc. No. 46, Ex. B.] The City stated that it had identified the agencies conducting any such audits in response to Interrogatory No. 16.

To the extent that agency audits are in the City's "possession, custody or control", the Court directs the City to make those documents available for Valles' inspection, if it has not done so already. Should the documents need to be redacted to protect the identities of CI's, the City may so redact identifying materials. In addition, the parties should submit an appropriated, agreed upon confidentiality order to preclude the use of the information for any purpose other than this litigation..

It is unclear if document request no. 8 seeks other documents in addition to agency audits. The Court will not order any additional production by the City because it agrees that the request is "vague, compound and overly broad."

Document Request No. 12 asks for the CI file for the confidential source Detective Lopez described in his affidavit for the July 18, 2003 search warrant and also for the arrest record of the CI. The City objected on grounds that the request seeks information that is privileged under FED. R. EVID. 501 and 11-510 of the New Mexico Rules of Evidence, that some of the requested information violates the privacy rights of the CI and could reveal the identity of the CI, which would place him or her in danger.

In attempting to resolve this discovery dispute, Valles agreed to enter into a protective order and further stated that there was no reason to believe that the disclosure would place anyone in danger. The City stated that it would agree to disclose the file for the Court's *in camera* inspection.

The Court concurs with the City's argument that an *in camera* inspection is warranted. Therefore, the Court directs the City to provide it with a copy of the requested file for an *in camera* inspection, within ten days after entry of this Order. If the Court concludes that the file may be

redacted to protect the identity of the CI and should be produced, it will direct the City to make it available to Valles in redacted form. If the identity of the CI cannot be properly protected, the Court will not order production of the file to Valles.

The Court agrees with the Tenth Circuit holding that an individual is generally not entitled to discover the identity of the CI who provided information used to obtain a search warrant, and further that the government or city properly asserts the privilege without being required to show that reprisal or retaliation is likely. <u>Matter of Search of 1638 E. 2nd Street, Tulsa, Okl. v. United States</u>, 993 F.2d 773, 774-75 (10th Cir.), *cert. denied*, 510 U.S. 870 91993). Moreover, the Tenth Circuit observed that the informer's privilege against disclosure of his or her identity is arguably even stronger in civil matters like these than in criminal proceedings. <u>Id.</u>

<u>Document Request No. 14</u> asks the City to produce the training records and internal affairs file for Detective Lopez and every officer who had contact with Valles. The City objected on grounds that the requested information was irrelevant, implicated statements made in anticipation of litigation, was not reasonably calculated to lead to discoverable information and/or violated the privacy rights of the officers. Without waiving these objections, the City agreed to provide the internal affairs file of Sergeant Lopez for an *in camera* inspection by the Court. The City also produced the training records that it had located and further stated that the training records that it does not possess for Detective Lopez may be in his possession.

Valles responded that the City had not provided a "Vaughn Index" for Detective Lopez or any information for the other officers who had contact with Valles. In the attempt to resolve this discovery matter, the City provided a Vaughn Index for Lopez and stated it did not know what Valles intended by the request for information about "other officers." In the City's letter, counsel

5

asserted that because the interrogatory [sic] was not specific as to time, place, and circumstance, the City could not produce responsive files with respect to the request for "other officer" information.

Valles now argues that the City should be required to provide a Vaughn Index for the other officers and that failure to provide a timely Vaughn Index waives objection. He also asserts that he has "every right to explore Defendant's work history as a police officer to see if punitive damages are warranted or if there is a claim of negligent supervision, hiring, training," etc. [Doc. No. 46.] In addition, he notes that in the past (in other cases), the City has provided the requested training information for individual officers.

There are several problems with Valles' arguments.[2] There are no longer any individual Defendants in this lawsuit, and accordingly, no claim for punitive damages remains against individual Defendants. Second, there is no claim against the City for negligent supervision or training in this case. [*See* Complaint.] Third, it is not clear when in the past the City has provided such documentation or the circumstances of those cases, i.e., whether there were individual Defendants being sued.

Equally important is that the 1993 amendments to Rule 26(b)(1) narrowed what information parties may discover. The amended rule provides that parties may obtain discovery regarding "any matter, not privileged, *that is relevant to the claim or defense of any party* . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, materials that might assist a party in developing new claims against other parties are not necessarily discoverable under Rule 26. In this case, Valles explained that he sought some of these materials in order to bring suit against an individual officer for alleged excessive

---

[2] The Court observes that the failure to provide a timely Vaughn index, when one is required, does not automatically waive the privileges asserted. *See* Heavin v. Owens-Corning Fiberglass, 2004 WL 316072 at *1-2 (D. Kan. Feb. 3, 2004).

6

force.  The Court disagrees that Valles may discover the requested information under those circumstances.  *See* Committee Notes to 1993 Amendments to Rule 26(b) (amendments to Rule 26 "are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery").

The Court will not order an *in camera* inspection of Lopez's internal affairs file and does not required the City produce any additional information in response to this document request.

Document Request No. 15 asks the City to product "all cad reports, cad recordings, dispatch recordings related to the service and execution of the search warrant at plaintiff's home or business." The City objected on the grounds that the City "does not know what Plaintiff means when he refers to 'plaintiff's home or business'" because the City had no proof as to whether Valles had an ownership interest in either location.  Without waiving this objection, the City stated that it was not in possession of any cad reports, cad recordings, dispatch recordings related to the execution of the search warrant in this case.

In the attempt to resolve this dispute, Valles stated that other City counsel, in previous cases, had provided the requested information.  Valles asked how he could obtain the requested items.  The City reiterated that it was not in possession of the requested materials.  Valles does not believe the City and argues that the City has a duty "to make an effort to access and obtain" those records that it may readily access.

The City explained that its only objection was based on a question of ownership interest in the properties that now has been resolved.  However, it stated again that it was not in the possession of the requested information and that the City would provide it if it had this information.

The Court cannot compel a party to produce information that it does not have. *See* Fed. R. Civ. P. 34. To the extent that these items exist and the City has control over them, they should be produced or made available to Valles. If they do not exist and are not in the City's "possession, custody or control," the City need not further respond to this document request.

### **Conclusion**

For the above-stated reasons, the Plaintiff's motion to compel responses to the document requests is granted in part and denied in part. To the extent that the Court has compelled additional responses by the City, those responses should be served on Valles within ten days after entry of this Order.

IT IS THEREFORE ORDERED that Plaintiff Abdon Valles' Motion to Compel Answers to Requests for Production of Documents to Defendant City of Albuquerque [Doc. No. 45] is GRANTED in part and DENIED in part as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge