IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

ABDON VALLES,

      Plaintiff,

v.                                                No. CIV O3-1171 BB/LFG

THE CITY OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court for consideration of a motion for summary judgment filed by Defendant (Doc. 50). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be granted and this case dismissed.

**Summary of the Facts:** This case arises out of the execution of a search warrant at Plaintiff's home. The affidavit on which the warrant was based stated that a confidential informant ("CI") had made a controlled buy of marijuana at the home. When officers executed the search warrant, they did find and seize marijuana from two places in the home. Nevertheless, Plaintiff filed suit against the City of Albuquerque, as well as four individual officers employed by the Albuquerque Police Department ("APD"). Plaintiff claimed that his Fourth Amendment rights were violated because one of the Defendants lied about the alleged controlled buy, in order to provide probable cause for the search. Plaintiff also claimed excessive force was used against him when he was arrested.

During the litigation of this case, Plaintiff dismissed his claims against three of the individual officers, without prejudice. [Doc. 15] He also consented to the grant of summary judgment in favor of the remaining individual Defendant. [Doc. 19] At this point, therefore, the only Defendant still in the case is the City of Albuquerque. Also, the only claim Plaintiff is pursuing against the City is a municipal-liability claim arising out of the search; in other words, Plaintiff has abandoned his excessive-force claims. [Doc. 65, pretrial order]

**Standard of Review:** "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendant's motion in light of these standards.

**Merits:** Plaintiff's municipal-liability claim fails to survive summary judgment for at least two reasons. First, absent an underlying constitutional violation by an individual officer, a municipality cannot be held liable for such a violation. *See Trigalet v. City of Tulsa, Oklahoma*,

239 F.3d 1150, 1154-55 (10th Cir. 2001). In this case, Plaintiff has presented no evidence that any individual officer committed a constitutional violation.[1] Although Plaintiff alleged there was a falsehood in the affidavit for search warrant, concerning the existence of a controlled buy of marijuana by the CI, Plaintiff has to date failed to produce any evidence of such a falsehood. The CI alleged he bought marijuana while he was at Plaintiff's house; when the search warrant was executed, marijuana was found in the house. [Exh. F, Reply] Furthermore, Plaintiff has presented no sworn testimony indicating that a sale of marijuana did not occur at his house. The only evidence Plaintiff has presented to the Court concerns his allegation that APD has a custom of falsifying controlled buys of narcotics, in order to obtain search warrants. Even if such a custom exists, however, that does not help Plaintiff if there is no evidence the custom was followed in this case. In other words, absent evidence, rather than a mere allegation, that the officer who obtained the search warrant in this case lied about the occurrence of a controlled buy by the CI, Plaintiff cannot maintain a municipal-liability claim against the City, regardless of whether or not APD officers have a custom of lying about CI buys in other cases. *See, e.g., Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993) (one element of plaintiff's municipal-liability case is proving that the plaintiff was injured by unconstitutional acts, behind which a custom was the moving force).

---

[1] The Court notes, but rejects, the City's argument that by dismissing the individual Defendants from this case, Plaintiff essentially wiped out any constitutional violations those individuals might have committed. Even after dismissing the individual officers, Plaintiff would still be entitled to prove that one or more of them committed a constitutional violation, as a result of a custom or policy adopted by the City, in order to hold the City liable.

If Plaintiff could raise an issue of fact about whether the alleged CI buy in his case was a falsehood,[2] his municipal-liability claim is still subject to summary judgment. This is because Plaintiff has not submitted sufficient evidence to allow inferences that: (1) a custom of fabricating CI buys in order to obtain search warrants exists; or (2) anyone in a policymaking position with the City had actual or constructive knowledge of such a custom. *See Pineda v. City of Houston*, 291 F.3d 325, 328-30 (5th Cir. 2002) (proof of municipal liability requires an official custom, of which a policymaker can be charged with actual or constructive notice, as well as a constitutional violation caused by that custom).

The only evidence submitted by Plaintiff is that in the calendar year 2003, there were 22 instances in which a search warrant was issued on the basis of an alleged controlled buy by a CI, but the resulting search failed to uncover the evidence sought by the officers.[3] This evidence, standing alone, is insufficient to raise an issue of fact as to whether APD officers have a custom of fabricating CI controlled buys in order to obtain search warrants. For one thing, a "custom" for municipal-liability purposes must be a wide-spread practice. *See Baron v. Suffolk County Sheriff's Dep't*, 402 F.3d 225, 236-37 (1st Cir. 2005) (custom is fairly attributable to municipality if it is so well settled and widespread that the policymaking officials of the municipality can be

---

[2] The Court recognizes that Chief Magistrate Judge Garcia has ordered the City to disclose parts of the CI's file to Plaintiff; the Court must also therefore recognize the possibility that there will be evidence in that file indicating a falsehood did occur. As discussed below, the result of this case would not change even if such evidence were forthcoming.

[3] In the City's reply brief, the City points out that several of these 22 cases did not involve CIs, but rather undercover officers. The City also points out that a number of the cases did in fact result in seizures of controlled substances, although not of the specific type allegedly purchased by the CI in the controlled buy. For purposes of this motion, the Court will accept Plaintiff's assertions concerning the 22 cases, despite the City's persuasive evidence undercutting those assertions with respect to a number of the 22 cases.

said to have actual or constructive knowledge of the custom); *Pineda, supra*, 291 F.3d at 329 (there must be a persistent and widespread practice to be a custom). The mere fact that 22 CI-driven search warrants were "dry" in 2003 says nothing about how widespread such "dry" warrants were, in comparison to the number of CI-driven warrants that the Court will call "productive," meaning the officers executing the warrant found the contraband the CI's buy suggested would be present. In other words, if 22 warrants were dry but 220 were productive, the percentage of dry warrants could not be considered so high as to indicate a widespread custom. *See Pineda* (11 instances or warrantless entry out of 500 cases is "just too small" to support a finding of a pattern of illegality).[4]

The second and bigger problem with Plaintiff's evidence is that it does not account for the fact that there are a number of possible explanations for the dry warrants, other than fabrication of the CI buys. As the search warrant affidavits provided by the City indicate, drug dealers do not necessarily have a supply of product on hand at all times. Sometimes they must wait to obtain a new supply; they also frequently keep the contraband at a location different from the place of sale. [Exhs. E, F to Reply, various search warrants and affidavits] A Plaintiff seeking to prove a department-wide custom of fabricating CI buys must provide more evidence than the mere fact that a number of searches made pursuant to those buys were unsuccessful. *See, e.g., Baron, supra*, 402 F.3d at 237-38 (plaintiff provided evidence from officers who were aware of the custom alleged by plaintiff).

---

[4]The Court notes the City has provided evidence showing APD made 1,715 narcotic or drug arrests in 2003. This number does not allow for a valid comparison, as there is no indication of the number of these arrests that resulted from an alleged controlled buy by a CI.

Finally, Plaintiff's attempt in this case to raise a fact issue as to the City's liability for the alleged custom fails because there is no evidence that anyone in a policymaking position with the City knew of the custom, or had constructive notice of it. Constructive knowledge may be found where a custom is well settled and widespread; as discussed above, however, there is insufficient evidence that the alleged custom is so widespread as to allow an inference of such knowledge in this case. Absent constructive knowledge, it was incumbent on Plaintiff to present evidence indicating that someone in a policymaking position with the City actually knew of the custom. *See Pineda,* 291 F.3d at 330-31. Plaintiff failed to do so.

**Conclusion:** Plaintiff did not provide any evidence from which a factfinder could infer that the CI buy resulting in the search of his home was fabricated. Furthermore, he did not submit sufficient evidence to raise an issue of fact as to whether APD officers have a custom of fabricating controlled buys by CIs. Finally, he did not submit sufficient evidence to raise an issue of fact as to whether, if such a custom exists, a person in a policymaking position had actual or constructive knowledge of the custom. For all these reasons, summary judgment will be granted to the City on Plaintiff's municipal-liability claim. Since that is the only claim remaining in the case, this case will be dismissed.

**DATED** at Albuquerque this 4th day of May, 2005.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Joseph P. Kennedy
Shannon L. Oliver

**For Defendants**
Stephanie M. Griffin